UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- x
SHARRIF BEY,

    Plaintiff,

 -against-

SABRINA KNIGHT, *Institute for Community Living*; MS. SMITH, *Institute for Community Living*; CODE ENFORCER P.O. BEATO, *108th Precinct/NYC Police Dept*; CODE ENFORCER P.O. SERGEANT DOTRES, *108th Precinct/NYC Police Dept*; NEW YORK POLICE DEPARTMENT, and INSTITUTE FOR COMMUNITY LIVING,

    Defendants.
---------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 30 2015 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

15-CV-5228 (ENV) (RER)

VITALIANO, D.J.

 On September 2, 2015, plaintiff Sharrif Bey filed this *pro se* action. (Compl., ECF No. 1).[1] Bey's submission did not include the requisite filing fee or a completed *in forma pauperis* ("IFP") application. By letter, dated September 10, 2015, plaintiff was provided with the proper forms for reporting his financial circumstances, and he was instructed that he must either pay the $400 filing fee or return his completed IFP application in order to proceed. (Not. of Deficient Filing, ECF No. 2). On September 28, 2015, Bey filed a document entitled "Affidavit of Financial Statement in Lieu of Motion to Proceed." (Pl. Letter, ECF No. 4). For the reasons set

---

[1] Plaintiff insists that he is not proceeding *pro se*. (Pl. Letter, ECF No. 4). To help demystify the term, Bey is hereby advised that to proceed *pro se* means to proceed "without a lawyer," which is how plaintiff is, as a matter of fact, currently proceeding in this case. *Pro se*, Black's Law Dictionary (10th ed. 2014). It means nothing more and nothing less.

1

forth below, Bey's application to proceed IFP is denied, and his complaint is dismissed without prejudice.

Discussion

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400. A district court, pursuant to 28 U.S.C. § 1915, may waive the filing fee upon finding that a plaintiff is "indigent," as defined by the applicable statute. 28 U.S.C. § 1915(a)(1); *see James v. City of New York*, No. 15 Civ. 1161 (SLT) (VMS), 2015 WL 1285979, at *1 (E.D.N.Y. Mar. 20, 2015). "The determination of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the district court." *Id.*

Plaintiff, as noted earlier, has not paid the filing fee of $400 for this action, nor, despite clear instruction that it provides the only alternative to fee payment, has he submitted the proper form application to proceed IFP. Instead, using letterhead purporting to be from "The Moorish National Republic," Bey has filed what he calls his "Affidavit of Financial Statement in Lieu of Motion to Proceed." (Pl. Letter at 1). In this document, Bey argues that the Court may only accept payment in gold or silver coins, that he "do[es] not have, or possess, any gold or silver coins," and that he, therefore, has a constitutional right to proceed without filing a motion to proceed IFP or providing the attendant financial disclosures. (*Id.* at 1-2).

In support of this argument, Bey misquotes Article I, Section 10 of the Constitution as stating, "All debts shall be payable in gold or silver coin." (*Id.* at 1). In fact, that section states, in pertinent part, that "[n]o State shall . . . coin money . . . [or] make any Thing but gold and silver Coin a Tender in Payment of Debts." U.S. Const. art. I, § 10, cl. 1. The power "[t]o coin Money [and] regulate the Value thereof," was reserved for Congress by Article I, Section 8 of the Constitution. U.S. Const. art. I, § 8, cl. 5; *see generally Julliard v. Greenman*, 110 U.S. 421,

2

449, 4 S. Ct. 122, 131, 28 L. Ed. 204 (1884) (recognizing Congress's power to issue paper money). That the Constitution sought to establish a uniform national currency by restricting the ability of the several States to issue legal tender, *see Ogden v. Saunders*, 25 U.S. 213, 248, 6 L. Ed. 606 (1827), is not relevant in the context of bringing a private lawsuit in federal court, to a plaintiff's obligation to either pay the filing fee or demonstrate his qualification to proceed IFP.

Bey also contends that the Constitution does not require him to file a motion to proceed IFP or submit a financial statement before receiving IFP status. (Pl. Letter at 2). To begin with, in a case such as this one, there is no constitutional right to proceed IFP.[2] Congress first enacted an IFP statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342–43, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). The Second Circuit has noted "'that [IFP] status is not a constitutional right,' but rather a 'congressionally created benefit' which can be 'extended or limited by Congress.'" *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)).[3]

---

[2] In certain contexts, an inability to pay court fees cannot stand as a barrier to the judicial process, but "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." *See M.L.B. v. S.L.J.*, 519 U.S. 102, 113-14, 117 S. Ct. 555, 562-63, 136 L. Ed. 2d 473 (1996) (discussing instances, such as in the issuance of a divorce, in which access to the courts cannot be denied based on the inability to pay court costs). No such exceptional circumstances are at issue in this case, which alleges constitutional violations during plaintiff's arrest. (Compl. at 3-4).

[3] *See Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) ("We keep firmly in mind the fact that the benefit of § 1915 is a privilege, not a right, and that the court's extra measure of authority in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use the federal government to harass individual defendants." (internal quotations and citations omitted)).

Critically, this is not a case of form over substance or preferring one "form" of affidavit over another. The Court cannot determine from Bey's submissions whether he is indigent within the meaning of 28 U.S.C. § 1915. Information relevant to such a determination would include, for example, plaintiff's employment status, receipt of benefits, and other assets. Here, Bey limits his financial disclosures to a statement that he does not possess gold or silver coins. *See Bey v. Hutcherson*, No. 95 Civ. 2760 (RJD), 1995 WL 468287, at *1 (E.D.N.Y. July 28, 1995) ("[S]ince 1964 no U.S. coin has contained either gold or silver."). In any event, it is not Bey's "prerogative to decide what is or is not relevant information to disclose on [his] IFP application." *Chiswell v. Big Score Entm't*, No. 11 Civ. 861 (EEC), 2013 WL 3669074, at *3 (N.D. Ill. July 12, 2013) (citing *Moorish Nat'l Republic v. City of Chicago*, No. 10 Civ. 1047 (RMD), 2011 WL 1485574, at *4 (N.D. Ill. Apr. 18, 2011)). "By censoring what financial information to present," Bey has "thwart[ed] the purpose of the IFP application." *Id.*

Finally, the Court notes that Bey's self-styled "Affidavit of Financial Statement" is essentially the same form submitted by another litigant in *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011), with the addition of only a few handwritten notations: "In Lieu of Motion to Proceed" and, by his name, "Not Pro Se." (Pl. Letter at 1). In *El Ameen Bey*, the plaintiffs, all adherents of Moorish or sovereign citizenship political movements, filed an identical "Affidavit of Financial Statement" (which the district court set forth in its entirety in the opinion) that included boilerplate material from a hoax online form and, rather than describe the plaintiffs' ability to pay the fees or the amount of each plaintiff's assets as required by 28 U.S.C. § 1915, provided nothing but "gibberish," if in English, "mixed with senselessly-picked Latin terms, constitutional phrases, and pointless rhetoric." *El Ameen Bey*, 825 F. Supp. 2d at 547-549, 551 (noting that the Affidavit of Financial Statement form was available on a website hosting several

4

similar boilerplate forms that "lack[] any legal rationale"). The district court in *El Ameen Bey* denied the plaintiffs' application to proceed IFP. *Id.* at 551.[4] The precedent is most persuasive.

In sum, it is impossible to conclude on the totality of Bey's submissions that he is "indigent" for IFP purposes. Accordingly, his IFP application is denied and, since he has also chosen not to pay the filing fee, the action is dismissed without prejudice.

## Conclusion

For the reasons outlined above, this action is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail this order to the address of record, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
November 25, 2015

/s/ USDJ VITALIANO
ERIC N. VITALIANO
United States District Judge

---

[4] *See Bey v. Mower Cnty. Health & Human Servs. Office of Child Support*, No. 15 Civ. 2728 (JNE) (TNL), 2015 WL 4488483, at *1 (D. Minn. July 23, 2015) (denying a motion to proceed IFP and dismissing the complaint where the plaintiff submitted an "Affidavit of Financial Statement" stating only that he possessed no gold or silver coins); *Bey v. Kidd*, No. 15 Civ. 1164 (JSG), 2015 WL 3935991, at *1 (N.D. Ohio June 26, 2015) (same); *Bey v. Cervenek*, No. 15 Civ. 023 (JSG), 2015 WL 3935978, at *1 (N.D. Ohio June 26, 2015) (same); *Moorish Sci. Temple of Am. v. J.P. Morgan Chase Bank, N.A.*, No. 14 Civ. 1935 (JAS), 2015 WL 233324, at *4 (N.D. Tex. Jan. 16, 2015) (same).

5